**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FELICE PACE, WILDERNESS WATCH,          No. C 12-05610 SI

12          Plaintiffs,                       **ORDER GRANTING MOTION TO FILE
                                              AMENDED COMPLAINT AND
13       v.                                   DISMISSING AS MOOT MOTION TO
                                              DISMISS ORIGINAL COMPLAINT**
14   CHARLTON H. BONHAM, STAFFORD
     LEHR, CALIFORNIA DEPARTMENT OF
15   FISH AND GAME,

16          Defendants.
                                        /
17

18        On March 15, 2013 the Court heard oral argument on defendants' motion to dismiss. Docket

19   No. 20. After the argument, and while that motion was under consideration, plaintiffs filed a motion

20   to amend. Docket No. 37.[1] Plaintiffs seek to add additional factual allegations, including the allegation

21   that "[m]ortality rates from the aerial stocking of fish often approach 50%, as a result of transport, the

22   drop, or because these stocked fish do not feed or survive well after stocking." Proposed Second

23   Amended Complaint, Docket No. 37-1, ¶ 10.[2]

24

25          [1]   The motion to amend is set for hearing on Thursday May 2, 2013. Pursuant to Civil Local
     Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby
26   VACATES the hearing.

27          [2] Defendants argue that plaintiffs' motion is procedurally improper and should have been styled
     as a motion for reconsideration or request to submit a supplemental brief. *See* Opposition to Motion to
28   Amend at 1-3. However, while at oral argument on defendants' motion to dismiss the Court's tentative
     view was the motion to dismiss should be granted and the minute order following the argument noted
     that the "[M]otion to dismiss is tentatively granted," the Court had not yet issued its final ruling. The
     Court, therefore, will consider the motion to amend on its merits.

**United States District Court**
For the Northern District of California

1     The Court finds that the motion to amend should be GRANTED and plaintiffs' Second Amended

2   Complaint can be filed.  The Court cannot, at this early stage, determine that leave to amend would  be

3   futile, since "a proposed amendment is futile only if no set of facts can be proved under the amendment

4   to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton,*

5   *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Baker v. Pacific Far East Lines, Inc.,* 451 F.Supp. 84, 89

6   (N.D. Cal. 1978)).  Given the new allegation regarding the mortality of the stocked fish, the Court finds

7   that further proceedings and factual development will be required to determine whether at least some

8   of the fish being stocked would fall within the definition of  "biological materials" that are  pollutants

9   under *Association to Protect Hammersley v. Taylor Resources* (*Hammersley*), 299 F.3d 1007 (9th Cir.

10  2002).

11      Accordingly, the motion to file the Second Amended Complaint is GRANTED; accordingly, the

12  motion to dismiss the original complaint is MOOT.

13

14      **IT IS SO ORDERED.**

15

16  Dated: April 30, 2013

17                                                  SUSAN ILLSTON
                                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

2