**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 FELICE PACE, WILDERNESS WATCH,           No. C 12-05610 SI

12            Plaintiffs,                   **ORDER GRANTING MOTION TO FILE
                                            AMENDED COMPLAINT AND**
13      v.                                  **DISMISSING AS MOOT MOTION TO
                                            DISMISS ORIGINAL COMPLAINT**
14 CHARLTON H. BONHAM, STAFFORD
   LEHR, CALIFORNIA DEPARTMENT OF
15 FISH AND GAME,

16            Defendants.
                                      /
17

18         On March 15, 2013 the Court heard oral argument on defendants' motion to dismiss.  Docket

19 No. 20.  After the argument, and while that motion was under consideration, plaintiffs filed a motion

20 to amend.  Docket No. 37.[1]  Plaintiffs seek to add additional factual allegations, including the allegation

21 that "[m]ortality rates from the aerial stocking of fish often approach 50%, as a result of transport, the

22 drop, or because these stocked fish do not feed or survive well after stocking."  Proposed Second

23 Amended Complaint, Docket No. 37-1, ¶ 10.[2]

24

25         [1]   The motion to amend is set for hearing on Thursday May 2, 2013.  Pursuant to Civil Local
26 Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby
   VACATES the hearing.
27
           [2] Defendants argue that plaintiffs' motion is procedurally improper and should have been styled
28 as a motion for reconsideration or request to submit a supplemental brief.  *See* Opposition to Motion to
   Amend at 1-3.  However, while at oral argument on defendants' motion to dismiss the Court's tentative
   view was the motion to dismiss should be granted and the minute order following the argument noted
   that the "[M]otion to dismiss is tentatively granted," the Court had not yet issued its final ruling.  The
   Court, therefore, will consider the motion to amend on its merits.

The Court finds that the motion to amend should be GRANTED and plaintiffs' Second Amended Complaint can be filed.  The Court cannot, at this early stage, determine that leave to amend would be futile, since "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Baker v. Pacific Far East Lines, Inc.,* 451 F.Supp. 84, 89 (N.D. Cal. 1978)).  Given the new allegation regarding the mortality of the stocked fish, the Court finds that further proceedings and factual development will be required to determine whether at least some of the fish being stocked would fall within the definition of  "biological materials" that are  pollutants under *Association to Protect Hammersley v. Taylor Resources* (*Hammersley*), 299 F.3d 1007 (9th Cir. 2002).

Accordingly, the motion to file the Second Amended Complaint is GRANTED; accordingly, the motion to dismiss the original complaint is MOOT.

**IT IS SO ORDERED.**

Dated: April 30, 2013

SUSAN ILLSTON
United States District Judge